Linda **MERRY**, et al., Plaintiffs,

v.

**WESTINGHOUSE ELECTRIC CORP.**, Defendant.

**Civ. A. No. 86–1673.**

United States District Court, M.D. Pennsylvania.

Feb. 25, 1988.

Gerald J. Williams, Slap, Williams & Cuker, Philadelphia, Pa., for plaintiffs.

Patrick Kittredge, Kittredge, Kaufman and Donley, Philadelphia, Pa., for defendant.

MEMORANDUM

CALDWELL, District Judge.

The plaintiffs brought this action under the Comprehensive Environmental Re-

sponse, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.,* the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6901 *et seq.,* the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.,* and the law of Pennsylvania. They seek the following relief: (1) an order that Westinghouse supply each plaintiff with potable water and provide public water hookups; (2) an order that Westinghouse take remedial actions to abate the harm caused by the release of hazardous chemicals; (3) an order that Westinghouse cease and desist the illegal activities alleged; (4) damages; and (5) civil penalties under the CWA and the RCRA. Now ripe for disposition is Westinghouse's motion for partial summary judgment regarding the plaintiffs' claims for injunctive relief and civil penalties.

A court shall render summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one which might affect the outcome of a suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). Factual disputes that are irrelevant or unnecessary are not to be considered. *Id.*

Summary judgment will not lie if the dispute as to a material fact is "genuine," that is, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 212. An adverse party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In determining whether there is an issue for trial the court must view the facts and the inferences drawn therefrom in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 586–89, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538, 553 (1986).

It is undisputed that the plaintiffs' claims under CERCLA are for response costs only. Accordingly, the court will restrict its discussion of Westinghouse's motion to the CWA and the RCRA.

■ Section 7002(a)(1) of the RCRA, 42 U.S.C. § 6972(a)(1), which authorizes citizen suits for injunctive relief and civil penalties, provides, in part, as follows:

> Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf—
>
> (1)(A) against any person ... who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter; or
>
> (B) against any person ... who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment....
>
> . . . .
>
> The district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the permit, standard, regulation, condition, requirement, prohibition, or order, referred to in paragraph (1)(A), to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such other action as may be necessary, or both ... and to apply any appropriate civil penalties under section 6928(a) and (g) of this title.

Westinghouse argues that the plaintiffs' claims under section 7002(a)(1)(B) are barred by section 7002(b)(2)(B), 42 U.S.C. § 6972(b)(2)(B), which provides:

(B) No action may be commenced under subsection (a)(1)(B) of this section if the Administrator, in order to restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment—

(i) has commenced and is diligently prosecuting an action under section 6973 of this title or under section 106 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C.A. § 9606],

(ii) is actually engaging in a removal action under section 104 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C.A. § 9604];

(iii) has incurred costs to initiate a Remedial Investigation and Feasibility Study under section 104 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [42 U.S.C.A. § 9604] and is diligently proceeding with a remedial action under the Act [42 U.S.C.A. § 9601 et seq.]; or

(iv) has obtained a court order (including a consent decree) or issued an administrative order under section 106 of the Comprehensive Environmental Response, Compensation and Liability Act of 980 [sic] [42 U.S.C.A. § 9606] or section 6973 of this title pursuant to which a responsible party is diligently conducting a removal action, Remedial Investigation and Feasibility Study (RIFS), or proceeding with a remedial action.

In the case of an administrative order referred to in clause (iv), actions under subsection (a)(1)(B) of this section are prohibited only as to the scope and duration of the administrative order referred to in clause (iv).

Specifically, Westinghouse relies upon subparagraphs (ii) and (iii).[1]

The evidence tends to show that the EPA is not "actually engaging in a removal action" and is not "diligently proceeding with a remedial action." The RIFS is intended and designed to obtain the necessary data to determine the nature and extent of the contamination problem at and around the plant site, and ultimately to provide the basis for determining the remedial action to be taken. Westinghouse has only recently submitted its work plan pertaining to the first phase of the RIFS, and that submission was outside of the time limits established in the consent order. There is no evidence in the record that, despite Westinghouse's late work plan submission, the EPA has taken any action to ensure that the RIFS progresses satisfactorily. Since Westinghouse, as the movant, has the burden of showing diligence on the part of the EPA, and since it has not done so, the court will deny its summary judgment motion with respect to claims under section 7002(a)(1)(B) of the RCRA.

■ Westinghouse admits that the plaintiffs' claims under section 7002(a)(1)(A) of the RCRA, and under section 505 of the CWA, 33 U.S.C. § 1365, a similar provision, are not expressly barred by the respective Acts. However, Westinghouse argues that the court should defer to the primary jurisdiction of the EPA and stay those claims, as well as the plaintiffs' state law claims, until the EPA has decided how the plant site should be cleaned up. The plaintiffs argue, in effect, that the EPA has been ineffective in alleviating the dangers at the site and that the court should take immediate action.

The doctrine of primary jurisdiction should be invoked sparingly where it would serve to preempt a citizens' suit. *Student Public Research Group of New Jersey, Inc. v. Fritzsche, Dodge & Olcott*, 579 F.Supp. 1528 (D.N.J.1984), *aff'd* 759 F.2d 1131 (3d Cir.1985).

The doctrine is ideally suited to the water pollution area, since discharge permit ap-

1. More to the point is subparagraph (iv), because on March 10, 1987, the Environmental Protection Agency ("EPA") issued a consent order pursuant to section 106(a) of CERCLA, 42 U.S.C. § 9606(a), directing Westinghouse to conduct a RIFS. It appears, however, that Westinghouse is not diligently conducting the RIFS since it submitted its work plan outside of the time limits established by the order.

plications involve many technical questions which courts are generally not qualified to decide without the aid of an administrative decision. However, when the enforcement action is brought by a citizen, or by the Federal Government where the state has permit issuance authority, or vice versa, the doctrine of primary jurisdiction should be used with care. Otherwise, the state or Federal Government could, by delay in action or applications, frustrate the congressional intent to broaden enforcement authority. *Id.* at 1537 (quoting Zener, The Federal Law of Water Pollution Control, in Federal Environmental Law (Dolgin & Gilbert, eds. 1974) at 733).

The statutory enforcement schemes before the court are not so technical or suffused by policy considerations that the exercise of jurisdiction would disrupt the EPA's exercise of its authority. Nor are the questions to be resolved beyond the normal competence of a court.[2] *See O'Leary v. Moyer's Landfill, Inc.,* 523 F.Supp. 642 (E.D.Pa.1981).[3] Thus, considering Westinghouse's unexplained delay in submitting its work plan and EPA's apparent inactivity in response thereto, we see no good reason to decline to accept jurisdiction of this case.

*Conclusion*

The plaintiffs' claims for injunctive relief and civil penalties under the CWA and the RCRA are barred neither by the statutes nor by the doctrine of primary jurisdiction. Therefore Westinghouse's motion for partial summary judgment will be denied.

---

**2.** In fact, the drafters of section 505 of the CWA unequivocally asserted that "[e]nforcement of pollution regulations is not a technical matter beyond the competence of the courts." S.Rep. No. 92–414, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News 3668, 3747.

**3.** In *O'Leary,* the court was faced with issues similar to those in this case. The court declined to defer to the DER and instead fashioned an injunctive remedy designed to elicit the expertise of the DER and the EPA while maintaining the enforcement powers of the court. The parties were ordered to confer with the governmental agencies in preparing a proposed order detailing the steps the defendants were to take to halt the further release of hazardous materials.